UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20113-MOORE

UNITED STATES OF AMERICA,

vs.

KANYATTA LYDELL GARDNER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE was before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Kenyatta Lydell Gardner in this case. Based upon the change of plea hearing conducted on August 24, 2021, the undersigned makes the following findings, and recommends that the guilty plea be accepted.

1.    This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

2.	The Court also advised Defendant of his right to appear at the plea hearing in person. Defendant waived his right to appear in person. Defendant, Defendant's attorney and the Assistant United States Attorney all consented to proceed by videoconference. Counsel supported his position that the change of plea should not be delayed by proffering that Defendant had been in custody for several months and would be prejudiced by a delay in proceedings for a date uncertain to have the hearing conducted in person. Pursuant to the Administrative Orders of this Court, specifically, 2020-95 and 2021-20, I find that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice.

3.	This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

4.	Defendant pled guilty to the Indictment which charges him with possession of a firearm after being convicted of a felony, in violation of Title 18, United States Code Section, Section 922(g)(1) and 924(e). The Court advised Defendant that maximum sentence that may be imposed is a sentence of: (a) at least fifteen years and up to life imprisonment; (b) followed by up to five years of supervised release; (c) a fine of up to $250,000; and (d) a mandatory special assessment of $100.00. Defendant was also advised of the possibility of restitution and forfeiture, as well as removal from the United States. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

5.	To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

6.      Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with her.

7.      Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

8.      Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to the Indictment filed in this case, and that Defendant be adjudicated guilty of the offense of possession of a firearm and ammunition having previously been convicted of a felony.

9.      A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The undersigned recommends that a sentencing hearing be set, by separate order.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED in Chambers at Miami, Florida, this 25th day of August, 2021.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc:   The Honorable K. Michael Moore
      Counsel of record